Filed 2/18/15  P. v. Garay CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILVER GARAY,<br><br>    Defendant and Appellant. | 2d Crim. No. B255152<br>(Super. Ct. No. BA400692)<br>(Los Angeles County) |

Wilver Garay appeals from the judgment entered after a jury convicted him of three counts of engaging in sexual intercourse with a child 10 years of age or younger (Pen. Code, § 288.7, subd. (a));[1] one count of engaging in oral copulation with a child 10 years of age or younger (§ 288.7, subd. (b)); and two counts of committing a lewd act upon a child under the age of 14 years (lewd act).  (§ 288, subd. (a).)  Appellant was sentenced to prison for 43 years to life.

Appellant contends that the evidence is insufficient to support his conviction of both counts of committing a lewd act.  He argues that there was only one act of "lewd touching."  Therefore, one of the two lewd act convictions must be reversed.  We disagree.  We modify the judgment to impose a required court operations assessment (§ 1465.8) and affirm the judgment as modified.

---

[1] All statutory references are to the Penal Code.

*Facts*

Y. C. has four children. Appellant is the biological father of two of the children. He is not the biological father of Gabriela M., who was born in 2002. Y. C. began living with appellant in 2006. They never married.

At the time of trial in November 2013, Gabriela M. was 11 years old. She testified as follows: One day when she was 10 years old, appellant licked her breasts and had sexual intercourse with her. This was the only time that appellant touched her breasts.

On another occasion when she was 10 years old, appellant ordered Gabriela M. to remove her clothes. She complied because appellant was holding a knife. Appellant put the knife to Gabriela M.'s neck and said, "Do you want to live or die?" She replied that she wanted to live. Appellant told her to "open" her legs. Gabriela M. opened her legs, and appellant had sexual intercourse with her.

On a third occasion when Gabriela M. was 10 years old, appellant told her to go into the bathroom and remove her clothes. After she had removed them, appellant "separated" her legs, put shampoo on her vagina, and had sexual intercourse with her.

On one of the three occasions, Gabriela M. said that she was going to tell her mother about appellant's conduct. Appellant replied that, if she told her mother, he would kill both of them. Because of this threat, Gabriela M. did not inform her mother about the incidents.

After appellant was arrested, Gabriela M. told a registered nurse that, when she was nine years old, appellant had put his penis inside her mouth. She told a clinical psychologist, Dr. Lydia Joseph-Hernandez, that appellant had sucked her breasts on four separate occasions.

*Discussion*

The jury convicted appellant of two lewd act offenses. During closing argument, the prosecutor told the jury that these offenses were based on appellant's touching of Gabriela M.'s breasts. Appellant contends that, because Gabriela M. testified that he had touched her breasts on only one occasion, the evidence is insufficient to show two lewd act offenses.

2

" 'In reviewing a challenge to the sufficiency of the evidence, we . . . "examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—evidence that is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." [Citations.]  We presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.  [Citation.]  [¶] . . . 'Resolution of conflicts and inconsistencies in the testimony is the exclusive province of the trier of fact. [Citation.]  Moreover, unless the testimony is physically impossible or inherently improbable, testimony of a single witness is sufficient to support a conviction.' [Citations.]"  (*People v. Brown* (2014) 59 Cal.4th 86, 105-106.)

Although Gabriela M. testified that appellant had touched her breasts only once, she told Dr. Joseph-Hernandez that he had touched her breasts on four separate occasions.  She described one of these occasions to Dr. Joseph-Hernandez: appellant "forc[ed] her to lift up her top" and " 'did it different, . . . like a baby sucking on their mother's breast.' "  Gabriela M.'s statement that appellant " 'did it different' " implies that he had previously put his mouth to her breast.  This incident is unlike the one that Gabriela M. described in her testimony: when her clothes were "off," appellant "was licking" both breasts.  Thus, it is reasonable to infer that the incident that she described in her testimony occurred at a different time than the incident that she described to Dr. Joseph-Hernandez.

Gabriela M.'s description of another incident to Dr. Joseph-Hernandez supports the jury's finding that appellant licked or sucked her breasts on more than one occasion. Appellant asked Gabriela M. "to lift her top so he could lick her breasts."  She "became very upset . . . and told him, 'Why do you *keep* doing this to me?  Why don't you do this with my mother?  This is husband-wife stuff.  I'm just a little girl.' "  (Italics added.)  In response to Gabriela M.'s remarks, appellant " 'punched [her] in the face and slapped [her].' "  Gabriela M.'s use of the word "keep" indicates that appellant had licked or sucked her breasts on multiple occasions.  Thus, based on Dr. Joseph-Hernandez's

3

testimony, the jury could have reasonably concluded beyond a reasonable doubt that appellant had committed two lewd act offenses.

In his reply brief, appellant argues for the first time that "respondent's thesis that accounts presented outside the courtroom [i.e., Gabriela M.'s statements to Dr. Joseph-Hernandez] should trump a witness' [i.e., Gabriela M.'s] sworn testimony . . . slights the Sixth Amendment and its guarantee of confrontation." This argument is forfeited because appellant did not raise it in his opening brief. (*People v. Tully* (2012) 54 Cal.4th 952, 1075 ["It is axiomatic that arguments made for the first time in a reply brief will not be entertained because of the unfairness to the other party"].) The argument "is [also] forfeited by his failure to provide any meaningful analysis of the principles" of the confrontation guarantee and how they apply to the facts of the instant case. (*Ziehlke v. Valverde* (2011) 191 Cal.App.4th 1525, 1535.) A "judgment is presumed to be correct, and it is appellant's burden to affirmatively show error. [Citation.] To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.]" *In re S.C.* (2006) 138 Cal.App.4th 396, 408.)

*Court Operations Assessment*

Pursuant to section 1465.8, the trial court ordered appellant to pay a court operations assessment of $40. The court referred to the assessment by its former name, "court security" fee. Section 1465.8, subdivision (a)(1) provides: "To assist in funding court operations, an assessment of forty dollars ($40) shall be imposed on *every* conviction of a criminal offense . . . ." (Italics added.) Appellant has suffered six convictions; therefore, the trial court should have imposed an assessment of $240.

*Abstract of Judgment*

Count 3 charged the commission of a lewd act. (§ 288, subd. (a).) On this count the trial court sentenced appellant to the low term of three years, to be served consecutively to the sentence of 25 years to life on count 1, which charged a violation of section 288.7, subdivision (a). The abstract of judgment for the determinate sentence shows the three-year term imposed on count 3, but does not indicate whether it is

4

concurrent or consecutive. The clerk should have checked the box showing that the three-year term is a "consecutive full term."

*Disposition*

The judgment is modified to impose a court operations assessment of $240: $40 for each of appellant's six convictions. (§ 1465.8.) As modified, the judgment is affirmed. The superior court is directed to prepare an amended abstract of judgment showing the modification and the imposition of a "consecutive full term" of three years on count 3 (lewd act in violation of section 288, subdivision (a)). The superior court shall transmit a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.


5

Barbara R. Johnson, Judge

Superior Court County of Los Angeles

_____

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, William H. Shin, Stephanie C. Santoro, Deputy Attorneys General, for Plaintiff and Respondent.